**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sun State Towers LLC, | No. CV-25-08014-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| County of Mohave, et al., | |
| Defendants. | |

**I.**

Sun State Towers LLC ("Sun State") applied to the Mohave County (Arizona) Board of Supervisors (the "County") for two special use permits ("SUP") for personal wireless communications facilities, a/k/a cell phone towers. The County approved one SUP but denied the other.

Sun State sues the County under the Telecommunications Act of 1996 (the "Act"). *See* 47 U.S.C. § 332(c)(7)(B)(v). Sun State's first claim for relief alleges that by denying its SUP the County has effectively prohibited cellular service in the area surrounding the proposed wireless tower cite. *See* 47 U.S.C. § 332(c)(7)(B)(i)(I)-(II). Its second claim for relief alleges that the County failed to act on its SUP application within a reasonable time. This claim further alleges that the County's ultimate decision was not in writing or supported by substantial evidence, as required by the Act. *See* 47 U.S.C. § 332(c)(7)(B)(ii)-(iii). The third and final claim for relief alleges that the County unlawfully denied the SUP based on health effects and radio frequency ("RF") emissions.

*See* 47 U.S.C. § 332(c)(7)(B)(iv).

The County answered the Complaint and denied liability.

Sun State now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the following reasons, the Court will deny the Motion.

## II.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed but early enough not to delay trial." Fed. R. Civ. P. 12(c). The purpose is "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

In deciding a motion for judgment on the pleadings, the analysis begins by looking at the complaint. A court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Next, a court must consider the answer and assess if it raises issues of fact or affirmative defenses. *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1159 (9th Cir. 2015). A judgment on the pleadings is improper when factual disputes are present in the pleadings. *See id.* Put differently, a judgment on the pleadings may only be granted "when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregations Church*, 887 F.2d 228, 230 (9th Cir. 1989).

## III.

Fact issues preclude Rule 12(c) relief on all of Sun State's claims.

The nature of Sun State's first claim for relief concerns the Act's protection for personal wireless service providers and consumers against state or local government bodies that "prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II). The Federal Communications Commission ("FCC") has issued interpretive guidance, describing that a state or local body must not act in a manner that "materially inhibits or limits the ability of any [wireless] competitor or potential

competitor to compete in a fair and balanced legal and regulatory environment." *In re Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Investment*, 33 F.C.C.R. 9088, ¶ 16 (2018).

Sun State argues that the County has effectively prohibited wireless services in the geographic area that would be served by the rejected cell tower. Several factual allegations support this argument, including Sun State's allegation the cell tower site "is the best and only feasible location for the [f]acility" because "Sun State [has] demonstrated it explored all available alternative[]" locations. (*See id.* ¶ 87(b); (Doc. 1 ¶ 42 (emphasis omitted).)

In its Answer, and in its opposition to the Motion, the County denies that service is effectively denied in violation of the Act. (Doc. 14 ¶ 2; Doc. 17 at 3-6.) The Answer disputes the allegation that "Sun State [has] demonstrated it explored all available alternative[]" locations. (Doc. 14 ¶ 11.) That lack of evidence left the County without sufficient information to respond to Sun State's allegations concerning whether the proposed site "is the best and only feasible location for the facility." (*See* Doc. 1 ¶ 42 (emphasis omitted); Doc. 14 ¶ 42, ¶ 48.) What's more, when opposing the Motion, the County further argues Sun State has not met its burden of proving a prohibition of wireless services. (Doc. 17 at 3-6.) It explains Sun State did not present adequate evidence during the hearing before the Board of Supervisors and dodged questions on alternative sites and the need for additional cell towers. (*See id.* at 4-6.)

Sun State argues the County's alternative site argument is rejected by the FCC in a 2018 declaratory ruling. (Doc. 18 at 3); 33 F.C.C.R. 9088. But that decision seems more focused on the "coverage gap" approach used by other courts and whether there needs to be "evidence of an existing or complete inability to offer a telecommunications service" for a material inhibition under the Act. 33 F.C.C.R. 9088 ¶¶ 40-41. The decision is unpersuasive in determining the individualized zoning determination at issue here, which falls within the County's "traditional authority to regulate wireless facilities"; an authority preserved under § 332(c)(7). *See City of Portland v. United States*, 969 F.3d 1020, 1033 (9th Cir. 2020).

When combined, the Answer and opposition raise several factual issues concerning the feasibility of the cell tower site and its relation to both existing towers and the tower that will be constructed under the approved SUP. These issues effect whether the County's denial materially inhibits or limits wireless services. Because factual issues remain, the Court finds judgment on the pleadings is inappropriate. The Motion will be denied as to the first claim for relief.

Sun State next argues that it is entitled to judgment on the pleadings as to its second claim for relief because the County's written decision denying the SUP is not supported by substantial evidence. (Doc. 1 at 17.) The Complaint and Motion both analyze in detail the few community members who spoke and opposed the SUP at the hearing before the Board of Supervisors. (*See, e.g.*, *id.* ¶ 63.) Sun State also challenges the resolution adopted by the Board, which was issued after the meeting and only after Sun State's counsel informed the County a written decision was required under the Act, as insufficient. (*Id.* ¶ 101.)

The Act requires that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C § 332(c)(7)(B)(iii). This means that "localities must provide or make available their reasons, but that those reasons need not appear in the written denial letter or notice provided by the locality." *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 295 (2015). "Instead, the locality's reasons may appear in some other written record so long as the reasons are sufficiently clear and are provided or made accessible to the applicant essentially contemporaneously with the written denial letter or notice." *Id*.

Sun State argues that the County's resolution denying its SUP violated the Act by containing conclusory reasons, such as "Public Concern of Mohave Residents" and "Public Opposition at the Public Hearing." (Doc. 13 at 10 (citing Doc. 1-3).) But Sun State errs by pinning its argument on the resolution's language without reference to any other part of the SUP record. As the United States Supreme Court explained in *T-Mobile South, LLC v. City of Roswell*, substantial evidence can be found in the resolution and in any other part of the

written record. 574 U.S. at 295. The Answer denies allegations that the Board of Supervisors based its decision "chiefly on unsubstantiated public opposition." (Doc. 11 ¶ 2.) It further denies "ignor[ing] Sun State's undisputed evidence, the record, and the facts." (*Id.* ¶ 11.) In its opposition to the Motion, the County goes even further by explaining Sun State did not provide satisfactory answers at the hearing before the Board of Supervisors. (Doc. 17 at 5-6.) When looking at the entire record, there is a factual dispute over what evidence the Board of Supervisors relied on when rendering its decision to deny the SUP.

Even if the County's reasons for denying Sun State's SUP are limited to the explanatory phrases in the resolution, the Court concludes that it cannot hold that those reasons are insufficient as a matter of law. Sun State heavily emphasizes the Supreme Court's holding that a locality's reasons for denying a cellular facility must be "clear enough to enable judicial review." *T-Mobile S., LLC*, 574 U.S. at 302. This may be so, but, at the same time, the Supreme Court observed that "nothing in [the statutory] text imposes any requirement that the reasons be given in any particular form." *Id*. at 302-03. Moreover, the reasons provided "need not be elaborate or even sophisticated, but rather . . . simply clear enough to enable judicial review." *Id*. at 302.

For these reasons, Sun State is not entitled to a judgment on the pleadings for its second claim for relief.

Sun State's third and final argument is that the County considered RF emissions as a basis for denying the SUP. (Doc. 1 at 18.) The County denies that it relied on RF emissions. (Doc. 11 ¶ 2; Doc 17 at 9-11.)

Under the Act, "[n]o state or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the [FCC's] regulations concerning such emissions." 47 U.S.C. § 332(c)(7)(B)(iv). Some of the County's stated reasons for denying the SUP—"Public Concern of Mohave County Residents," "Public Opposition at the Public

Hearing," and "Proximity to Neighboring Residence"—all relate to public testimony of residents who expressed concern, either directly or indirectly, of potential health effects from the proposed facility. (*See* Doc. 1 ¶¶ 62-64.)

In response, the County points out that citizens expressed concerns including potentially declining property values, visibility of the tower from homes, diminished rural feel of the community, and the natural beauty of the land, among other things. (Doc. 17 at 9.) If Sun State's argument prevails, the County argues, any citizen who expresses concern over health effects would poison the well, so to speak, such that a government body could not deny a SUP for any legitimate reason, lest it violate the Act. *C.f. T-Mobile Ne. v. Loudon Cnty. Bd. of Supervisors*, 748 F. 3d 185, 200-01 (4th Cir. 2014) (holding that a member of the governing body voting to deny a personal wireless communications facility based on health effects violates the Act, but citizens are not prohibited from voicing such concerns at a public hearing).

The Court finds that the County's arguments are well-taken. Sun State's approach would eviscerate open communication by residents at public hearings to determine personal wireless communication facility permits. The governing body may react by limiting the topics on which residents may oppose proposed facilities. This, of course, implicates core free speech liberties and might involve municipal liability arising from viewpoint discrimination. Regardless, on this limited record, the Court cannot grant judgment on the pleadings because additional factual development is necessary.

**IT IS THEREFORE ORDERED** that the Motion for Judgment on the Pleadings (Doc. 13) is denied.

Dated this 9th day of April, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge